**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF ALASKA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN STEVEN SMITH<br><br>Defendant. | 3:24-cr-00040-ACP-KFR<br><br>**ORDER ADOPTING REPORTS AND RECOMMENDATIONS AT DOCKETS 140, 141, AND 142** |

Pro se Defendant Brian Smith opposes the Reports & Recommendations of Magistrate Judge Reardon regarding many of Smith's motions. (Dkt. 116, 119, 120, 123, 124) The Court **ADOPTS** those recommendations in full as explained below. The Court will rule on Smith's request for a continuance (Dkt. 119) after hearing the Government's position at the 2:00 pm status conference.

## A. R&R re motions at dockets 116, 119, & 120 (Dkt. 140)

### 1. Motions regarding DOC procedures and case management (Dkt. 116, 120)

Smith objects to Judge Reardon's recommendation not to issue an order governing DOC's procedure for Smith's mail, phone calls, communication records, and discovery. (Dkt. 157 at 1-3) Judge Reardon made this recommendation based on Smith's failure to plausibly allege a violation of his rights that would warrant such relief. (Dkt. 140 at 12-16, 18-19)

The R&R explains that Smith failed to allege (1) deliberate government conduct prejudicing his ability to put on his case; (2) unreasonable restrictions on his access to legal

documents; and (3) prejudicial delay by the Government in bringing or litigating the case. (*Id.* at 12-15, 18-19)

Smith's objections do not convince the Court that Judge Reardon erred. Smith argues that the recommendation "discounts the cumulative and prospective nature of the requested relief." (Dkt. 157 at 2) But this argument fails to engage with Judge Reardon's basic conclusion that DOC's conduct was not deliberate or prejudicial enough to warrant the relief Smith seeks. *See Williams v. Woodford*, 384 F.3d 567, 585 (9th Cir. 2004) (concluding that jailhouse monitoring and document interception would not substantially prejudice a defendant where record did not show prosecution using the information to achieve an unfair advantage at trial). The Court agrees that Smith's grievances are the foreseeable result of representing himself while in state custody.

The Court further agrees that an evidentiary hearing is not necessary on this issue. (Dkt. 140 at 19) Smith seeks a hearing to establish whether he was sufficiently prejudiced by DOC's alleged conduct. (Dkt. 157 at 3) But this is not the purpose of an evidentiary hearing. *See United States v. Howell*, 231 F.3d 615, 620 (9th Cir. 2000). Rather, such a hearing would determine whether the allegedly prejudicial conduct actually occurred. A hearing is not appropriate because Smith has not alleged facts demonstrating he is entitled to the relief sought.

Smith's Motion to Recognize and Remedy Pretrial Prejudice (Dkt. 120) and Motion for a Hearing (Dkt. 116) are **DENIED**.

/ /

/ /

### 2. Motion to dismiss or for a continuance (Dkt. 119)

Judge Reardon concluded that Smith sought to dismiss the case for the same reasons that he sought an order governing DOC's conduct. (Dkt. 140 at 18) Smith does not oppose this characterization. (Dkt. 157 at 3-5) He also does not comment on the recommendation not to dismiss the case. (*See Id.*) Instead, he argues that his lack of unfettered access to discovery has impeded his ability to put on his defense. (*Id.* at 4-5)

The Court agrees that the "disfavored remedy" of dismissal is unwarranted. *See United States v. Struckman*, 611 F.3d 560, 577 (9th Cir. 2010). The issues Smith raises do not come close to justifying such a decision, and Smith does not even argue for it in his objections. (Dkt. 140 at 12-16) Smith's motion to dismiss is **DENIED.**

The Government did not take a position on Smith's motion for a continuance, nor did it file a response to his R&R objections. Judge Reardon highlighted reasons to rule either way on Smith's request. (Dkt. 140 at 16-18) The Court will decide this issue upon hearing the Government's position at the 2:00 pm status conference.

## B. R&R re motion at docket 123 (Dkt. 141)

Smith objects to Judge Reardon's conclusion that no *Franks* hearing is warranted for his motion to suppress the S.D. card evidence. Judge Reardon recommended denying the motion because (1) there is no indication that Detective Baker intentionally or recklessly omitted information from her affidavit and (2) probable cause is not undermined by inconsistencies in how V.C. acquired the S.D. card. (Dkt. 141 at 7-9)

Smith's objection ignores the standard for a *Franks* hearing as outlined in Judge Reardon's recommendation. (Dkt. 157 at 5-7) Smith is required to show that the Baker

intentionally or recklessly made false or misleading statements or omissions to support the warrant. *See United States v. Martinez-Garcia*, 397 F.3d 1205, 1215 (9th Cir. 2005). He cannot bypass that requirement by claiming that Baker's disclosure was insufficient and that writing it differently "would have left the issuing judge with a materially different assessment of the source and claimed provenance." (Dkt. 157 at 6) Additionally, Smith fails to explain how changing the account of the acquisition of the S.D. card in the affidavit would undermine probable cause given the other indicia of reliability justifying a search warrant. Therefore, the Court agrees with Judge Reardon's recommendation and **DENIES** Smith's motion for suppression and a *Franks* hearing.

### C. R&R re motion at dockets 124 (Dkt. 142)

Finally, Smith objects to Judge Reardon's recommendation that the Court deny his Motion to Stay Proceedings. (Dkt. 124) He argues that "a federal judgment could precede a material change in the state judgment on which the prosecution's allegations and consequences substantially overlap." (Dkt. 157 at 8) But Judge Reardon concluded that the federal government and State of Alaska are entitled to undertake simultaneous prosecution of the laws each has the jurisdiction to enforce. (Dkt. 142 at 5 [*citing Gamble v. United States*, 587 U.S. 678, 683-84 (2019)]). And Judge Reardon further explained that the federal prosecution did not depend on his state convictions. (Dkt. 142 at 6-7) The Court agrees with these conclusions and **DENIES** Smith's request to alter this federal prosecution timeline based on the ongoing state proceedings.

IT IS SO ORDERED.

DATED October 15, 2026, at Anchorage, Alaska.

/s/Aaron Christian Peterson
Aaron Christian Peterson
United States District Judge